Exhibit A

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| BAGLEY ETAL VS ABB, INC. ETAL | 2022 TERM **MARCH**<br><br>No. 02577 |

## IN RE: ASBESTOS LITIGATION - OCTOBER TERM 1986, NO. 0001

### MASTER CASE MANAGEMENT ORDER FOR
### ASBESTOS-RELATED PERSONAL INJURY CLAIMS

It is the goal of this Court to secure the just, expeditious and cost-effective determination of each personal injury case involving exposure to asbestos or asbestos-containing products pending or hereafter filed in the Court of Common Pleas of Philadelphia County to eliminate duplication of effort, prevent unnecessary paperwork and promote judicial economy.

In order to achieve these objectives, this 1st day of December, 2010, the Court enters the following Case Management Order for personal injury cases involving exposure to asbestos or asbestos-containing products.

This Case Management Order supersedes all prior Case Management Orders entered in the Asbestos Litigation and shall apply to all cases currently pending and hereafter filed in this Court.

## I. PLEADINGS

### A. Short Form Complaints

A Short Form Complaint shall be filed and served in every case in accordance with the Pennsylvania Rules of Civil Procedure. Plaintiffs may incorporate by reference the Master Long Form Complaints filed on the above-captioned docket.

The Short Form Complaint shall contain the information required by Philadelphia Civil Rule *1019.1(B), to the extent consistent with the Pennsylvania Rules of Civil Procedure.

A Short Form Complaint that contains premises liability claims shall include the name and address of each work site in which the plaintiff alleges exposure to asbestos and the dates during which the plaintiff or the decedent worked at each such work site.

### B. Preliminary Objections

In response to each Short Form Complaint, the defendant may file preliminary objections, if deemed appropriate, in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Civil Rule *1028. The preliminary objections shall be filed in letter brief format rather than motion package format. Its caption must specify "Asbestos Litigation" and name opposing counsel. Facts, issues and pertinent case law should be included. Each motion must include a proposed order.

### C. Answers to Complaints

Defendant's answers to complaints are governed by Rule 1041.1 of the Pennsylvania Rules of Civil Procedure.

## II.   GIFFEAR DOCKET

Cases that do not state a valid claim pursuant to Giffear v. Johns-Manville Corp., 632 A.2d 880 (Pa.Super. 1993), aff'd sub nom. Simmons v. Pacor, Inc., 674 A.2d 232 (Pa.1996), shall be placed on an inactive docket.

To reactivate a case which has been discontinued pursuant to Giffear, a Motion to Reactivate must be filed and include all necessary medical reports supporting said motion. The motion shall be filed in letter brief format consistent with the Mass Tort Motion procedures.

## III.   DISCOVERY

The following deadlines shall apply for the completion of discovery and the exchange of expert reports:

180 Days prior to jury selection-

Plaintiffs shall serve answers to Defendants' Master Interrogatories and Requests for Production Directed to Plaintiffs, including information relating to Bankruptcy Trust Filings.

Plaintiffs shall forward the identification of all health care providers along with addresses to defense counsel and RecordTrak.

Plaintiffs shall forward HIPAA compliant authorizations signed by plaintiffs to RecordTrak.

120 days prior to jury selection-

Plaintiffs shall serve medical, economic and liability expert reports.

Plaintiffs shall produce to lead defense counsel all diagnostic materials in the possession of plaintiffs or their counsel and all diagnostic material reviewed by plaintiffs' experts.  This includes, but is not limited to, x-rays, CT scans, pathology and cytology.

Plaintiffs shall serve product identification witness lists identifying the defendants the witnesses are expected to identify.

100 days prior to jury selection-- Completion of plaintiffs' depositions.

90 days prior to jury selection-- Completion of all co-worker depositions.

45 days prior to jury selection-- Defendants shall serve medical and economic expert reports.

10 days prior to jury selection--Defendants shall serve expert liability reports.

## IV.   STIPULATIONS OF DISMISSAL

1.   If a plaintiff has agreed to stipulate to the dismissal of a defendant, the defendant (hereinafter the "Stipulated Defendant") shall prepare a Stipulation of Dismissal.

2.   The Stipulated Defendant shall circulate the Stipulation of Dismissal to all defense

counsel by letter, stating that any party has ten (10) days from the date of the letter to object to the dismissal of the Stipulated Defendant.

3. If a party objects to the dismissal of the Stipulated Defendant, the objecting party shall notify the Stipulated Defendant in writing of the basis for the objection.

4. If, after the expiration of the ten (10) day period, no objections are received by the Stipulated Defendant, the Stipulation of Dismissal may be electronically filed with the Court as unopposed.

5. The package electronically filed with the Court shall include the signed Stipulation of Dismissal and a cover letter stating no objections have been raised within the ten (10) day period.

6. Service of the Court-approved Stipulation of Dismissal shall be effectuated via the Court's electronic filing system on all parties of record.

## V. MOTION PRACTICE AND PROCEDURE

All summary judgment motions shall be filed in accordance with the Revised Asbestos Summary Judgment Motion Procedures, a copy of which is attached hereto. In addition, to prevent the filing of unnecessary motions, five (5) days prior to the deadline for filing summary judgment motions (or 85 days prior to jury selection) Plaintiffs' counsel are to serve upon all parties to a case, a 'Dismissal Letter' indicating all defendants which Plaintiff will voluntarily dismiss from that case.

All other motions, including motions for *forum non conveniens*, motions to amend complaints, motions to compel, motions to enforce settlements, etc., shall be filed in accordance with the Revised Mass Tort Motion Procedures, a copy of which is attached hereto.

## VI. TRIAL SCHEDULING

The dates for all scheduled trials will be published each Monday in The *Legal Intelligencer*.

## VII. DEADLINES FOR CASES THAT MOVE TO NEW TRIAL GROUPS

If any case is moved, with the consent of the Court, from its original trial group to a later trial group, all discovery and motions deadlines for the later group will apply. Any summary judgment motions filed prior to moving the case will be considered moot and must be re-filed in accordance with the deadlines for the group to which the case has been moved, except for cases where the motion deadline for the new group has already passed at the time the case is moved. For those cases, motions will remain open and need not be re-filed. Those motions remaining open shall be decided by the Coordinating Judge in accordance with the deadlines for the new group.

## VIII. CALL OF THE LIST

A brief call of the asbestos list will be conducted every Monday at 11:00 a.m. The Court will conduct general asbestos business and call those cases listed for trial for the following month.Knowledgeable representatives of each party involved in the next month's scheduled trials shall attend.

A meeting of the Asbestos Kitchen Cabinet will be conducted on the first Monday of each month, following the call of the list.

## IX. SANCTIONS

Failure to comply with any deadlines set forth in the Case Management Order may result in the imposition of appropriate sanctions, including dismissal.

BY THE COURT:

ARNOLD L. NEW
TEAM LEADER

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

MARCH 2022

E-Filing Number: 2203054212

**002577**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>THOMAS BAGLEY | **DEFENDANT'S NAME**<br>ABB, INC., ALIAS: ITE IMPERIAL CO., F/K/A ITE CIRCUIT BREAKER CO. |
| **PLAINTIFF'S ADDRESS**<br>106 RYANARD ROAD<br>WALLINGFORD PA 19086 | **DEFENDANT'S ADDRESS**<br>C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401<br>HARRISBURG PA 17101 |
| **PLAINTIFF'S NAME**<br>ELIZABETH BAGLEY | **DEFENDANT'S NAME**<br>ABB, INC., ALIAS: F/K/A BAILEY METER COMPANY |
| **PLAINTIFF'S ADDRESS**<br>106 RYANARD ROAD<br>WALLINGFORD PA 19086 | **DEFENDANT'S ADDRESS**<br>THE CORPORATION TRUST COMPANY 1209 ORANGE STREET<br>WILMINGTON DE 19801-1120 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>AIR AND LIQUID SYSTEMS CORP., ALIAS: AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR., SUITE 103<br>HARRISBURG PA 17110 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 49 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [X] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce    [ ] Settlement<br>[ ] Minor Court Appeal    [ ] Minors<br>[ ] Statutory Appeals    [ ] W/D/Survival |

**CASE TYPE AND CODE**

T1 – MASS TORT – ASBESTOS

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>MAR **24** 2022<br><br>**S. RICE** | YES      NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: THOMAS BAGLEY , ELIZABETH BAGLEY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STEVEN J. COOPERSTEIN | ADDRESS<br>ONE PENN SQUARE WEST<br>30 SOUTH 15TH STREET, 17TH FLR<br>PHILADELPHIA PA 19102 |
|---|---|
| **PHONE NUMBER**<br>(215) 569-4000 | **FAX NUMBER**<br>(215) 569-2222 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>26678 | **E-MAIL ADDRESS**<br>scooperstein@brbs.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>STEVEN COOPERSTEIN | **DATE SUBMITTED**<br>Thursday, March 24, 2022, 01:14 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. ABB, INC.
   ALIAS: ITE IMPERIAL CO., F/K/A ITE CIRCUIT BREAKER CO.
   C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
   HARRISBURG PA 17101
2. ABB, INC.
   ALIAS: F/K/A BAILEY METER COMPANY
   THE CORPORATION TRUST COMPANY 1209 ORANGE STREET
   WILMINGTON DE 19801-1120
3. AIR AND LIQUID SYSTEMS CORP.
   ALIAS: AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.
   C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR., SUITE 103
   HARRISBURG PA 17110
4. BEAZER EAST, INC.
   ALIAS: F/K/A KOPPERS CO.
   C/O THREE RIVERS MANAGEMENT 600 RIVER AVENUE, SUITE 200
   PITTSBURGH PA 15212
5. BIRD CORPORATION
   20 MOORES ROAD
   MALVERN PA 19355
6. BRAND INSULATIONS, INC.
   C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
   HARRISBURG PA 17101
7. BROWN BOVERI CORPORATION
   C/O O'BRIEN FIRM CONSTITUTION PLACE 325 CHESTNUT ST., SUITE 1320
   PHILADELPHIA PA 19106
8. CARRIER CORPORATION
   CORPORATE CREATIONS NETWORK 1001 STATE ROAD #1400
   ERIE PA 16501
9. COPES VULCAN
   CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE STREET
   WILMINGTON DE 19801
10. COMPUDYNE CORPORATION
    ALIAS: SUCCESSOR-IN-INTEREST TO YORK SHIPLEY, INC.
    CSC SERVICES OF NEVADA, INC. 112 N. CURRY STREET
    CARSON CITY NV 89703
11. CRANE CO., DEMMING DIVISION
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
12. DANA COMPANIES, LLC
    4701 COX ROAD, #285
    GLEN ALLEN VA 23060
13. DAP, INC.
    2400 BOSTON STREET, SUITE 200
    BALTIMORE MD 21224
14. FLOWSERVE CORPORATION
    ALIAS: F/K/A PACIFIC PUMPS AND AS SUCCESSOR-IN-INTEREST TO DURCO
    CT CORPORATION 1999 BRYAN STREET, SUITE 900
    DALLAS TX 75201
15. FMC CORPORATION
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
16. FORD MOTOR COMPANY
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
17. FOSTER WHEELER ENERGY CORPORATION
    UNITED AGENT GROUP 3411 SILVERSIDE ROAD TATNALL BLDG. #104
    WILMINGTON DE 19810
18. GENERAL ELECTRIC COMPANY
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
19. GENUINE PARTS COMPANY
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101

20. GOODYEAR TIRE & RUBBER COMPANY
    C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR., SUITE 103
    HARRISBURG PA 17110
21. GOODYEAR CANADA, INC.
    450 KIPLING AVENUE
    TORONTO ON M8Z5E1
22. GOULD ELECTRONICS, INC.
    2555 W. FAIRVIEW STREET, #103
    CHANDLER AZ 85224
23. GOULDS PUMPS, INC.
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
24. GREENE, TWEED NC, LLC
    201 S. TRYON, SUITE 950
    CHARLOTTE NC 28202
25. GRINNELL LLC
    ALIAS: D/B/A GRINNELL CORPORATION
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
26. HONEYWELL INTERNATIONAL, INC.
    ALIAS: BENDIX CORPORATION
    C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR., SUITE 103
    HARRISBURG PA 17110
27. IMO INDUSTRIES, INC.
    ALIAS: F/K/A DELAVAL TURBINE, INC.
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
28. ITT CORPORATION
    ALIAS: F/K/A BELL & GOSSETT
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
29. LAMONS GASKET COMPANY
    ALIAS: A/K/A LAMONS METAL GASKET CO.
    CORPORATION SERVICE COMPANY 211 E. 7TH STREET, SUITE 620
    AUSTIN TX 78701
30. MONSEY PRODUCTS
    336 COLD STREAM ROAD
    KIMBERTON PA 19442
31. MORSE TEC LLC
    ALIAS: SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION
    THE CORPORATION TRUST COMPANY 1209 ORANGE STREET
    WILMINGTON DE 19801
32. PEP BOYS
    C/O MANNY, MOE & JACK, INC. DARGER,ERRANTE,YAVITZ&BLAU LLP 116 E. 27TH ST.
AT PARK AVE.
    NEW YORK NY 10016
33. PNEUMO ABEX CORPORATION
    THE PRENTICE-HALL CORP. SYSTEM 251 CENTERVILLE ROAD, STE. 400
    WILMINGTON DE 19808-4711
34. RILEY POWER, INC.
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
35. SCHNEIDER ELECTRIC
    ALIAS: F/K/A SQUARE D COMPANY
    CORPORATION SERVICE COMPANY 2595 INTERSTATE DR., SUITE 103
    HARRISBURG PA 17110
36. SPIRAX SARCO USA
    CT CORPORATION 2 OFFICE PARK COURT, SUITE 103
    COLUMBIA SC 29223
37. STANDCO INDUSTRIES, INC.
    C/O CT CORPORATION SYSTEMS 1999 BRYAN STREET, SUITE 900
    DALLAS TX 75201
38. SUNOCO, INC. (R&M)
    ALIAS: AS SUCCESSOR TO SUN SHIP LLC.
    3801 WEST CHESTER PIKE

            NEWTOWN SQUARE PA 19073
    39. THE BOEING COMPANY
        C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR., SUITE 103
        HARRISBURG PA 17110
    40. THE WILLIAM POWELL COMPANY
        2503 SPRING GROVE AVENUE
        CINCINNATI OH 45214
    41. UNION CARBIDE CORPORATION
        C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
        HARRISBURG PA 17101
    42. VELAN VALVE CORPORATION
        94 AVENUE C
        WILLISTON VT 05495
    43. VIKING PUMP, INC.
        C/O CT CORPORATION SYSTEMS 400 E. COURT AVE., SUITE 110
        DES MOINES IA 50309
    44. WARREN PUMPS, INC.
        1209 N. ORANGE STREET
        WILMINGTON DE 19801
    45. WEIL MCLAIN CO.
        DIVISION OF THE MARLEY COMPANY C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET,
SUITE 401
        HARRISBURG PA 17101
    46. CBS CORPORATION
        ALIAS: F/K/A VIACOM, INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION
        20 STANWIX, 10TH FLOOR
        PITTSBURGH PA 15222-1384
    47. ZURN INDUSTRIES, INC.
        ALIAS: A/K/A AND SUCCESSOR-BY-MERGER TO ERIE CITY IRON WORKS
        C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
        HARRISBURG PA 17101
    48. 84 LUMBER
        200 ROUTE 519
        EIGHTY FOUR PA 15330
    49. ARMSTRONG INTERNATIONAL
        900 MAPLE STREET
        THREE RIVERS MI 49093



*Filed and Attested by the
Office of Judicial Records
24 MAR 2022 01:14 pm
S. RICE*

BROOKMAN, ROSENBERG, BROWN & SANDLER
BY: STEVEN J. COOPERSTEIN, ESQUIRE
ATTORNEY IDENTIFICATION NO. 26678
17TH FLOOR, ONE PENN SQUARE WEST
PHILADELPHIA, PA. 19102
(215) 569-4000

ATTORNEY FOR PLAINTIFF(S)

Plaintiffs:                                              :

THOMAS AND ELIZABETH BAGLEY                              :
106 RYANARD ROAD                                        :
WALLINGFORD, PA 19086                                    :

     v.                                             :

Defendants:                                              :

ABB, INC.                                                :
SUED INDIVIDUALLY AND AS SUCCESSOR-IN-                   :
INTEREST TO ITE IMPERIAL CO., F/K/A ITE                 :
CIRCUIT BREAKER CO., ET AL.                             :
C/O CT CORPORATION SYSTEMS
600 N. 2ND STREET, SUITE 401
HARRISBURG, PA  17101

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

TERM

*No.*

ASBESTOS LITIGATION

## COMPLAINT - CIVIL ACTION (2. PERSONAL INJURY)
### 26035 ASBESTOS

### NOTICE

You have been sued in court  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complain and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plaza al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparescencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE DEFERENCIA E INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telephone: 215-238-1701

ABB, Inc.
f/k/a Bailey Meter Company
The Corporation Trust Company
1209 N. Orange Street
Wilmington, DE 19801-1120

AIR AND LIQUID SYSTEMS CORP.
AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

ARMSTRONG INTERNATIONAL
900 Maple Street
Three Rivers, MI 49093

BEAZER EAST, INC. (f/k/a Koppers Co)
c/o Three Rivers Management
600 River Avenue, Suite 200
Pittsburgh, PA 15212

BIRD CORPORATION (441)
20 Moores Road
Malvern, PA 19355

BRAND INSULATIONS, INC.  (057)
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

BROWN BOVERI CORPORATION
c/o O'BRIEN FIRM
Constitution Place
325 Chestnut Street, Suite 1320
Philadelphia, PA 19106
Attn: William O'Brien, Esquire

CARRIER CORPORATION
Corporate Creations Network, Inc.
1001 State Street, #1400
Erie, PA 16501

Case ID: 220302577

COPES VULCAN
Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

COMPUDYNE CORPORATION
Successor-in-interest to York Shipley, Inc.
CSC Services of Nevada, Inc.
112 N. Curry Street
Carson City, NV 89703

CRANE CO., DEMMING DIVISION
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

DANA COMPANIES, LLC
4701 Cox Road, #285
Glen Allen, VA 23060

DAP, INC.
2400 Boston Street, Suite 200
Baltimore, MD 21224

FLOWSERVE CORPORATION
Individually and as successor to Byron Jackson Pumps,
Worthington Pumps and IDP Pumps, f/k/a Ingersoll Dresser Pumps
f/k/a Pacific Pumps and as successor-in-interest to Durco
International, Inc., f/k/a The Duriron Co., Inc.
CT Corp.
1999 Bryan Street, Suite 900
Dallas, TX 75201

FMC CORPORATION
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

FORD MOTOR COMPANY (105)
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

Case ID: 220302577

FOSTER WHEELER CORPORATION (131)
United Agent Group
3411 Silverside Road
Tatnall Bldg. #104
Wilmington DE 19810

GENERAL ELECTRIC COMPANY
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

GENUINE PARTS COMPANY
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

GOODYEAR TIRE & RUBBER COMPANY
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110
          and
GOODYEAR CANADA, INC.
450 Kipling Avenue
Toronto, Ontario Canada M8Z 5E1

GOULD ELECTRONICS, INC.
2555 W. Fairview Street, #103
Chandler, AZ 85224

GOULDS PUMPS, INC.
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

GREENE, TWEED NC, LLC
201 S. Tryon, Suite 950
Charlotte, NC 28202

GRINNELL LLC
D/B/A GRINNELL CORPORATION
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

Case ID: 220302577

HONEYWELL INTERNATIONAL, INC.
as successor-in-interest to Allied Signal, Inc. and Bendix Corporation
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

IMO INDUSTRIES, INC., f/k/a De Laval Turbine, Inc.
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

ITT CORPORATION
F/K/A BELL & GOSSETT
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

LAMONS GASKET COMPANY
a/k/a Lamons Metal Gasket Co.
Corporation Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701

MONSEY PRODUCTS (070)
336 Cold Stream Road
Kimberton, PA 19442

MORSE TEC LLC.
f/k/a BorgWarner Morse TEC LLC and
successor-by-merger to BORG-WARNER CORPORATION (055)
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

PEP BOYS
c/o Manny Moe & Jack, Inc.
Darger Errante Yavitz & Blau LLP
116 East 27th Street at Park Avenue, 12th Floor
New York, New York 10016
Attn:  Jennifer W. Darger, Esq.

Case ID: 220302577

PNEUMO ABEX CORPORATION (046)
c/o The Prentice Hall Corp., System
251 Centerville Road, Suite 400
Wilmington, DE 19808-4711

RILEY POWER, INC.  (233)
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

SCHNEIDER ELECTRIC F/K/A
SQUARE D COMPANY
Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

SPIRAX SARCO USA
CT Corp.
2 Office Park Court
Suite 103
Columbia, SC 29223

STANDCO INDUSTRIES, INC.
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

SUNOCO, INC. (R&M) AS SUCCESSOR TO SUN SHIP LLC.
3801 West Chester Pike
Newtown Square, PA 19073

THE BOEING COMPANY
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

THE WILLIAM POWELL COMPANY
2503 Spring Grove Avenue
Cincinnati, OH 45214

UNION CARBIDE CORPORATION (081)
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

VELAN VALVE CORPORATION
94 Avenue C
Williston, VT 05495

VIKING PUMP, INC.
c/o CT Corporation Systems
400 E. Court Avenue, Suite 110
Des Moines, IA 50309

WARREN PUMPS, INC.
1209 Orange St
Wilmington, DE 19801

WEIL McLAIN CO. (163)
Division of The Marley Company
c/o CT Corporation System
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

CBS CORPORATION,
f/k/a VIACOM, Inc., f/k/a WESTINGHOUSE
ELECTRIC CORPORATION
20 Stanwix, 10th Floor
Pittsburgh, PA  15222-1384

ZURN INDUSTRIES, INC.,
a/k/a and successor-by-merger to Erie City Iron Works
c/o CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA  17101

84 LUMBER
200 Route 519
Eighty Four, PA 15330

Case ID: 220302577

**BROOKMAN, ROSENBERG, BROWN & SANDLER**
**BY:  STEVEN J. COOPERSTEIN, ESQUIRE**
**ATTORNEY IDENTIFICATION NO.  26678**
17TH FLOOR, ONE PENN SQUARE WEST
PHILADELPHIA, PA. 19102
(215) 569-4000

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| Plaintiffs: | : | **PHILADELPHIA COUNTY** |
| | : | **COURT OF COMMON PLEAS** |
| **THOMAS AND ELIZABETH BAGLEY** | : | **CIVIL TRIAL DIVISION** |
| | : | |
| v. | : | |
| | : | **TERM** |
| Defendants: | : | |
| | : | No. |
| ABB, INC. | : | |
| SUED INDIVIDUALLY AND AS SUCCESSOR-IN- | : | **ASBESTOS LITIGATION** |
| INTEREST TO ITE IMPERIAL CO., F/K/A ITE | : | |
| CIRCUIT BREAKER CO., ET AL. | : | |

## COMPLAINT - CIVIL ACTION (2. PERSONAL INJURY)
## 26035 ASBESTOS

Plaintiff incorporates by reference Plaintiffs' Master Long Form Complaint In Re: Asbestos

Litigation in Philadelphia Court of Common Pleas, filed as of October Term, 1986, No. 8610-0001.

Pursuant to an Order dated July 30, 1986 and signed by the Honorable Richard B. Klein and the

Honorable Edward J. Blake the following short form complaint is utilized in this asbestos action.

Case ID: 220302577

1.  This Complaint involves the claims of the following persons:

    a.  Plaintiff:

        Name:            Thomas Bagley

        Address:         106 Ryanard Road
                          Wallingford, PA 19086

        Date of Birth:    10/29/42

    b.  Spouse ("Plaintiff-Spouse"):

        Name:             Elizabeth Bagley

        Date of Birth:    9/18/44

2.  The defendants are those companies listed in the caption.

3.  Plaintiffs may have named as defendants other entities that may be responsible for the manufacture, distribution, and/or supply of products that contained asbestos, except that each of these entities has filed for relief or been forced into involuntary bankruptcy under the United States Bankruptcy Code and, pursuant to 11 U.S.C. §362, the institution of actions against these entities is stayed.

4.  A.  Defendant, **ABB, Inc. sued individually and as successor-in-interest to ITE Imperial Co., f/k/a ITE Circuit Breaker Co.,** is a corporation doing business in the Commonwealth of Pennsylvania. At times materials hereto, defendant, ABB, Inc. sued individually and as successor-in-interest to ITE Imperial Co., f/k/a ITE Circuit Breaker Co., manufactured, produced, distributed, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of the plaintiff, and/or to the contractors on job sites on which plaintiff was employed, including, but not limited to, any and all asbestos-containing products.

    B.  Defendant, **ABB, Inc., f/k/a Bailey Meter Company,** is a corporation doing business in the Commonwealth of Pennsylvania. At times. materials hereto, defendant, ABB, Inc., f/k/a Bailey Meter Company, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of the plaintiff, and/or to the contractors on job sites on which plaintiff was employed, including, but not limited to, any and all asbestos-containing products.

    C.  At times material hereto, defendant **Air and Liquid Systems Corp. as successor by merger to Buffalo Pumps, Inc.,** manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including but not limited

Case ID: 220302577

to, pumps which contained asbestos materials.

D.   Defendant, **Armstrong International,** is a corporation doing business in the Commonwealth of Pennsylvania. At times material hereto, Defendant, Armstrong International, manufactured, produced, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of plaintiff and/or to the contractors on job sites on which plaintiff was employed, including but not limited to any and all asbestos-containing products.

E.   Defendant, **Beazer-East,** is a successor in interest to Koppers Co. and a Pennsylvania Corporation doing business in the  Commonwealth of Pennsylvania. At times material hereto, Defendant, Beazer-East, manufactured produced and sold either directly of indirectly in the geographical area in which plaintiff worked, any and all types of asbestos roofing products and asbestos-containing materials.

F.   Defendant, **Bird, Incorporated,** Formerly known as Bird & Son, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Massachusetts, which is doing business in the Commonwealth of Pennsylvania and in the Federal Eastern District of Pennsylvania. At times material hereto, Bird, Incorporated manufactured, distributed and/or supplied asbestos roofing and siding products, either directly or indirectly , in the geographical area in which plaintiffs worked and/or to the employers of the which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors at job sites on which plaintiffs worked when they were exposed to said asbestos products.

G.   Defendant, **Brown Boveri Corporation,** is a corporation doing business in the Commonwealth of Pennsylvania. At times materials hereto, defendant, Brown Boveri Corporation, manufactured, produced, sold and/or supplied, either directly or indirectly, to the plaintiff's worksite, and/or to the employers of the plaintiff, and/or to the contractors on job sites on which plaintiff was employed, including, but not limited to, various types of asbestos-containing electrical products.

H. Defendant, **Carrier Corporation,** is a corporation with its principal place of business located at 1 Carrier Place, Farmington, CT and is doing business in the Commonwealth of Pennsylvania. At times hereto, defendant, Carrier Corporation, manufactured, produced and sold either directly or indirectly in the geographical area in which plaintiff worked, and to the employers of the plaintiff and or to the contractors to the worksites any and all types of asbestos boilers, boiler products, air conditioning equipment, air-conditioning products and asbestos containing products.

I.   At times material hereto, defendant **Copes Vulcan,** manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including but not limited to, valves which contained asbestos materials.

J.   Defendant, **CompuDyne Corporation, successor-in-interest to York Shipley, Inc.,** is a corporation doing business in the Commonwealth of Pennsylvania. At times materials hereto, defendant, CompuDyne Corporation, successor-in-interest to York Shipley, Inc. ; manufactured,

produced, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of the plaintiff, and/or to the contractors on job sites on which plaintiff was employed, including, but not limited to, various types of asbestos-containing boilers.

K. Defendant, **Crane Co., Demming Division,** is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Salem, OH and at times material hereto was doing business in the Commonwealth of Pennsylvania. At times material hereto, Defendant, Crane Co., manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including but not limited to, pumps which contained asbestos materials.

L. Defendant, **DAP, Inc.,** is a Delaware Corporation and doing business in the Commonwealth of Pennsylvania. At times material hereto defendant, DAP, Inc., manufactured, produced and sold either directly or indirectly to plaintiff's employers asbestos products, including but not limited to joint compound.

M. Defendant, **Flowserve Corporation,** individually and as successor to Byron Jackson Pumps, Worthington Pumps and IDP Pumps, f/k/a Ingersoll Dresser Pumps, f/k/a Pacific Pumps and as successor-in-interest to Durco International, Inc., f/k/a The Durion Co., Inc., at times material hereto, manufactured, produced, sold and/or supplied either directly or indirectly to the employer(s) of Plaintiff, asbestos and/or asbestos containing component parts to which Plaintiff was exposed.

N. At times material hereto, defendant **FMC Corp., on behalf of Chicago Pump Division,** manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including but not limited to, pumps and valves which contained asbestos materials.

O. Defendant, **Ford Motor Company,** is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Michigan which is doing business in the Commonwealth of Pennsylvania. At times material hereto, Defendant, Ford Motor Company manufactured, produced and sold asbestos products, including, but not limited to, asbestos brakes, brake linings, brake blocks, brake discs and pads, clutch plates and other friction products. Plaintiff was exposed to Ford products while working on personal vehicles in or around his residency located in Philadelphia, Pennsylvania.

P. At times material hereto, defendant **Genuine Parts Company,** manufactured, produced, sold and distributed, either directly or indirectly in the geographical area in which plaintiff worked and or to the employers of the plaintiff's and/or to contractors on job sites on which plaintiff worked, asbestos-containing auto and truck parts including but not limited to brake shoes, brake clutches, brake linings and parts, gaskets, mufflers and various types of asbestos-containing engine and motor parts.

Q. Defendant, **Goodyear Tire & Rubber Co.**, is a Kentucky Corporation with a principal place of business located at 1144 East Market Street, Akron, Ohio. At times material hereto, defendant, Goodyear Tire & Rubber Co., manufactured, produced, sold and distributed either directly or indirectly in the geographical area in which plaintiff worked or to the employer of the plaintiff any and all types of asbestos-containing products and asbestos containing materials.

R. Defendant, **Gould Electronics, Inc.**, is a corporation doing business in the Commonwealth of Pennsylvania. At times materials hereto, defendant, Gould Electronics, Inc., manufactured, produced, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of the plaintiff, and/or to the contractors on job sites on which plaintiff was employed, including, but not limited to, circuit breakers, electrical panels and various types of asbestos containing electrical equipment.

S. At times material hereto, defendant, **Grinnell LLC, d/b/a Grinnell Corporation,** manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including but not limited to, valves which contained asbestos materials.

T. Defendant, **Honeywell International Inc.**, as successor-in-interest to Allied Signal, Inc., and Bendix Corporation, with its office at Columbia Road and Park Avenue, Morristown, New Jersey 07962, at times material hereto, manufactured, produced, sold and/or supplied either directly or indirectly to the employer(s) of Plaintiff, asbestos and/or asbestos containing component parts to which Plaintiff was exposed.

U. Defendant, **IMO Industries, Inc., f/k/a De Laval Turbine, Inc.** at times material hereto, manufactured, produced, sold and/or supplied either directly or indirectly to the employer(s) of Plaintiff, asbestos and/or asbestos containing component parts to which Plaintiff was exposed.

V. Defendant, **ITT Corporation, f/k/a Bell & Gossett and f/k/a Conoflow**, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, and at times materials hereto was doing business in the Commonwealth of Pennsylvania. At times hereto Defendant ITT Corporation, f/k/a Bell & Gossett and f/k/a Conoflow, manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiff and/or to contractors on job sites on which plaintiffs worked, various asbestos-containing products.

W. Defendant, **Lamons Gasket Company, a/k/a Lamons Metal Gasket Co.**, is a corporation doing business in the Commonwealth of Pennsylvania. At times material hereto, Defendant, Lamons Gasket Company, a/k/a Lamons Metal Gasket Co., manufactured, produced, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of plaintiff and/or to the contractors on job sites on which plaintiff was employed, including but not limited to any and all asbestos-containing products.

Case ID: 220302577

X.  Defendant, **Morse Tec LLC, f/k/a Borg Warner Morse Tec LLC and successor-by-merger to Borg-Warner Corporation,** is a corporation duly organized and existing under the laws of the State of Michigan with a principal place of business at 615 Griswold, Detroit, Michigan. At times material hereto, defendant, Morse Tec LLC, f/k/a Borg Warner Morse Tec LLC and successor-by-merger to Borg-Warner Corporation, manufactured, produced and/or sold asbestos products, either directly or indirectly to the employers of plaintiff and/or its predecessors, asbestos products including, but not limited to, asbestos brake shoes, asbestos brake linings, asbestos clutches and other asbestos friction products.

Y.  Defendant, **Pep Boys,** is a corporation doing business in the Commonwealth of Pennsylvania. At times materials hereto, defendant, Pep Boys, manufactured, produced, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of the plaintiff, and/or to the contractors on job sites on which plaintiff was employed, including, but not limited to, any and all asbestos-containing brake products.

Z.  Defendant, **Schneider Electric f/k/a Square D Company,** is a Delaware Corporation with its principal place of business located at Executive Plaza, Palatine, Illinois. At times material to this action has sold asbestos-containing wire, cable, arc chutes and other asbestos-containing products including but not limited to brakes to which plaintiff was exposed.

AA.  Defendant, **Spirax Sarco, USA,** is a corporation doing business in the Commonwealth of Pennsylvania. At times materials hereto, defendant, Spirax Sarco, USA, manufactured, produced, sold and/or supplied, either directly or indirectly, to the plaintiff's worksite, and/or to the employers of the plaintiff, and/or to the contractors on job sites on which plaintiff was employed, including, but not limited to, various types of traps that contained asbestos gaskets.

BB.  Defendant, **Standco Industries, Inc.,** is a corporation doing business in the Commonwealth of Pennsylvania. At times material hereto, Defendant, Standco Industries, Inc., manufactured, produced, sold and/or supplied, either directly or indirectly in the geographical area in which plaintiff worked, and/or to the employers of plaintiff and/or to the contractors on job sites on which plaintiff was employed, including but not limited to any and all asbestos-containing products.

CC.  Defendant, **Sunoco, Inc. (R&M), as successor to Sun Ship LLC.,** is a corporation doing business in the Commonwealth of Pennsylvania. Plaintiff was exposed to asbestos and asbestos-containing products on the premises of Sunoco, Inc. (R&M), as successor to Sun Ship LLC., while employed at Joe Oley's Sunoco Gas Station located at Fairview Road and Macdade Boulevard in Woodlyn, Pennsylvania, from 1967 until 1970. At this time, plaintiff is unable to recall or determine the exact dates he was sent to defendant's premises. Defendant, Sunoco, Inc. (R&M) as successor to Sun Ship LLC., is being sued based upon premises liability in that the defendant or their predecessors for whom they are liable as successors, negligently owned, possessed, operated and controlled their respective premises in a manner that the plaintiff was exposed to asbestos dust from asbestos-containing products, and that the defendant's knew or should have known that this exposure was a significant health hazard to the plaintiff and others similarly situated. As a result of the negligent maintenance of its facilities, plaintiff was exposed to asbestos without proper

precautions or warnings. As a result of that exposure, plaintiff developed the injuries complained of herein.

DD.   Defendant, **The Boeing Company,** is a corporation doing business in the Commonwealth of Pennsylvania. Plaintiff was exposed to asbestos and asbestos-containing products on the premises of The Boeing Company, while employed there from 1967 until 1992. Defendant maintained and knew or should have known that plaintiff would be exposed to dust from asbestos and/or asbestos-containing products and that such exposure would pose a risk of harm to plaintiff, but negligently maintained and operated its premises and business in such a manner as to allow plaintiff to be exposed to dust from asbestos and/or asbestos-containing products, without providing plaintiff with proper precautions or warnings as to the danger thus posed to him. Plaintiff has no adequate remedy against defendant under the Workers' Compensation Act or the Occupational Disease Act, as his last occupational exposure to asbestos or an asbestos-containing product occurred more than 300 weeks before plaintiff's asbestos-caused disease became manifest.

EE.   At times material hereto, defendant **The William Powell Company**, manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including but not limited to, valves which contained asbestos materials.

FF.   Defendant, **Velan Valve Corporation**, is a corporation doing business in the Commonwealth of Pennsylvania. At times material hereto, Defendant, Velan Valve Corporation, manufactured, produced, sold and/or supplied, either directly or indirectly in the geographical area in which Plaintiff worked, and/or to the employers of Plaintiff and/or to the contractors on job sites on which Plaintiff was employed, including but not limited to any and all asbestos-containing products.

GG.   Defendant, **Viking Pump,** is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Iowa and at times material hereto was doing business in the Commonwealth of Pennsylvania. At times material hereto, Defendant, Viking Pump, manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including but not limited to, pumps which contained asbestos materials.

HH.   Defendant, **Warren Pumps, Inc.,** is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 82 Bridges Avenue, Warren, Massachusetts, and at times materials hereto was doing business in the Commonwealth of Pennsylvania. At times hereto Defendant Warren Pumps, Inc., manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiff and/or to contractors on job sites on which plaintiffs worked, various asbestos-containing products.

II.   Defendant, **Zurn Industries, Inc.**, is a Corporation incorporated in Pennsylvania with a principal place of business in Pennsylvania, at times material hereto doing business in the Commonwealth Pennsylvania.  Zurn Industries, Inc., is a successor-in-interest to Erie City Iron Works.  Zurn Industries, Inc., manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, including but not limited to,  any and all asbestos-containing products.

JJ.     Defendant, **84 Lumber Company**, is a Corporation doing business in the Commonwealth of Pennsylvania.  At times material hereto, Defendant, **84 Lumber Company**, manufactured, produced and sold either directly or indirectly in the geographical area in which plaintiff worked, any and all types of asbestos products and asbestos-containing materials.

5.  Plaintiff's employment history, to the extent possible at this time, is attached hereto as Schedule 1.

6.  Plaintiff was diagnosed by Dr. Daniel Dupont on February 21, 2022 with asbestosis along with lung restriction and diffusion impairment.

7.  Plaintiff's smoking history is as follows:  Non-Smoker

8.  A claim for lost wages will be asserted at time of trial, if applicable.

Brookman, Rosenberg, Brown and Sandler

By:   /s/_____
      Steven J. Cooperstein, Esquire

## PLAINTIFF'S WORK HISTORY - SCHEDULE 1

| Commencement | Cessation | Employer | Job Description |
|---|---|---|---|
| 11/22/62 | 10/5/64 | U.S. Navy | aviation mechanic |
| 1966 | 1967 | Container Research Corp. | sheet metal mechanic |
| 1967 | 1970 | Joe Oley's Sunoco Gas Station Woodlyn, PA | part-time mechanic |
| 1970 | 1973 | S&H Automotive Paoli, PA | mechanic |
| 1967 | 1992 | Boeing Vertol | sheet metal worker |

Plaintiff was also exposed through his father, Thomas R. Bagley, who worked at General Steel Casting Corporation from approximately 1950-1970.

## VERIFICATION

I hereby certify that I am a Plaintiff in the instant matter and that the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

X *Thomas W. Bagley*

RECEIVED

2022 APR -4 PM 3: 18

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101